In re HEARTLAND CHEMICALS, INC., an Illinois corporation, Debtor.

UNSECURED CREDITORS' COMMITTEE, for itself and on Behalf of HEARTLAND CHEMICALS, INC., Plaintiff,

v.

BANQUE PARIBAS, a French banking corporation, Defendant.

Bankruptcy No. 86–70753.
Adv. No. 87–7201.

United States Bankruptcy Court, C.D. Illinois.

May 1, 1989.

See also 103 B.R. 1012.

Emmet Fairfield, Springfield, Ill., David F. Heroy, Chicago, Ill., for plaintiff.

Janet Henderson, Chicago, Ill., James M. Mulvaney, Danville, Ill., for defendant.

Clyde Meachum, Danville, Ill., David A. Missner, Chicago, Ill., for debtor.

## OPINION

LARRY L. LESSEN, Chief Judge.

This matter is before the Court on the motion of the Defendant, Banque Paribas (the "Bank"), to strike the jury demand of the Plaintiff, the Unsecured Creditors' Committee (the "Committee") of Heartland Chemicals, Inc. The motion to strike raises three issues: (1) Whether the Committee is bound by the Debtor's waiver of its right to a jury trial in the 1985 Loan and Security Agreement; (2) Whether the Committee has a right to a jury trial as to any Counts of the Complaint; and (3) Whether the Bankruptcy Court has the authority to conduct a jury trial.

The Bank first argues that the Committee, which is pursuing this adversary proceeding on behalf of the Debtor's estate, is bound or estopped by the Debtor's express contractual waiver of its rights to a jury trial. The Bank relies on Section 10.9 of the 1985 Loan and Security Agreement, which provides as follows:

10.9. *SUBMISSION TO JURISDICTION; WAIVER OF BOND.* THE BORROWER HEREBY CONSENTS TO THE JURISDICTION OF ANY LOCAL, STATE OR FEDERAL COURT LOCATED WITHIN THE STATE OF ILLINOIS AND WAIVES ANY OBJECTION WHICH THE BORROWER MAY HAVE BASED ON IMPROPER VENUE OR *FORUM NON CONVENIENS* TO THE CONDUCT OF ANY PROCEEDING IN ANY SUCH COURT AND WAIVES PERSONAL SERVICE OF ANY AND ALL PROCESS UPON IT, AND CONSENTS THAT ALL SUCH SERVICE OF PROCESS BE MADE BY MAIL OR MESSENGER DIRECTED TO IT AT THE ADDRESS SET FORTH IN SUBSECTION 10.14 BELOW AND THAT SERVICE SO MADE SHALL BE DEEMED TO BE COMPLETED UPON THE EARLIER OF ACTUAL RECEIPT OR THREE (3) DAYS AFTER THE SAME SHALL HAVE BEEN POSTED TO BORROWER'S ADDRESS BY BORROWER'S AGENT AS SET FORTH BELOW. THE BORROWER HEREBY IRREVOCABLY APPOINTS _____, OR SUCH OTHER OFFICER OF BORROWER AS THE LENDER MAY FROM TIME TO TIME HEREAFTER APPOINT, AS ITS AGENT FOR THE PURPOSE OF ACCEPTING THE SERVICE OF ANY PROCESS WITHIN THE STATE OF ILLINOIS, AND SUCH AGENT AGREES TO FORWARD PROMPTLY BY MAIL DIRECTED TO THE BORROWER AT THE ADDRESS SET FORTH IN SUBSECTION 10.14 BELOW ANY PROCESS SERVED UPON HIM. AT THE OPTION OF THE LENDER, THE BORROWER WAIVES, TO THE EXTENT PERMITTED BY LAW, TRIAL BY JURY, AND WAIVES ANY BOND OR SURETY OR SECURITY UPON SUCH BOND WHICH MIGHT, BUT FOR THIS WAIVER, BE REQUIRED OF THE LENDER.

■ The Committee argues that this contractual waiver of the Debtor's right to a jury trial is not valid because it was not knowing and voluntary. The Bank responds that the waiver provision is clearly visible because it is set forth in capitalized letters on the page immediately preceding the signature page of the contract. This argument loses its force when one considers that the entire paragraph containing the jury waiver is in capital letters, the paragraph is entitled "Submission to Juris-

diction; Waiver of Bond," the jury waiver is contained in the last sentence of the paragraph, and the waiver is on the nineteenth page of a twenty page standardized loan agreement. There is no indication that the jury waiver was bargained for or mentioned during the loan negotiations. Indeed, the parties did not even fill in the blank in the Section wherein Heartland was supposed to appoint an agent to accept service of process. This is a clear indication that the waiver was not voluntary or informed.

■ Moreover, the Court does not construe the jury waiver as applicable to the case at bar. The language of Section 10.9 is directed solely to actions by the Bank against Heartland. In the Section, Heartland consents to jurisdiction in any Court in Illinois, waives objections based on improper venue or forum non conveniens, and waives personal service of any and all process. These provisions are only applicable to a proceeding by the Bank against Heartland. Clearly, Section 10.9 simply provides for expedited proceedings in litigation by the Bank to collect its loan from Heartland; Section 10.9 does not apply to cases such as this one which involve an action against the Bank based on allegations of fraudulent conduct by the Bank.

The next question before the Court is whether the Committee has a right to a jury trial as to any Counts of the Complaint. Resolution of this question turns in part on whether the Count is a "core" or "noncore" proceeding. Seven of the nine Counts alleged by the Committee—Counts I, II, V, VI, VII, VIII and IX—are "core" proceedings under 28 U.S.C. Secs. 157(b)(2)(A), (B), (E), (F), (H), (I), and (O). The remaining two Counts—Counts III (breach of duty of good faith) and IV (common law fraud)—are "noncore" proceedings that are related to the bankruptcy case under 28 U.S.C. Sec. 157(c)(1).

■ The law regarding jury trials in the Bankruptcy Court is in considerable disarray. Some of this confusion may be cleared up in the next few months when the United States Supreme Court decides *In re Chase & Sanborn Corp.*, 835 F.2d

1341 (11th Cir.), review granted sub. nom. *Granfinanciera v. Nordberg*, — U.S. —, 108 S.Ct. 2818, 100 L.Ed.2d 920 (1988). In the meantime, this Court follows what appears to be the majority rule that there is no right to a jury trial in core matters. *In re Kaiser Steel Corp.*, 95 B.R. 782, 785 (Bankr.D.Colo.1989); *In re Harbour*, 840 F.2d 1165 (4th Cir.1988). The rationale for this rule is that Bankruptcy Courts are Courts of equity, and Congress intended core matters—those matters which directly deal with the administration of the bankruptcy estate and involve actions directly provided for in the Bankruptcy Code—to be determined in summary proceedings. *See Katchen v. Landy*, 382 U.S. 323, 338–39, 86 S.Ct. 467, 477–78, 15 L.Ed.2d 391 (1966).

■ With respect to noncore matters, the right to a jury trial is governed by nonbankruptcy law. *In re THB Corp.*, 94 B.R. 797, 801 (Bankr.D.Mass.1988). In the case at bar, the Committee seeks money damages for the Bank's breach of good faith and common law fraud. These are clearly legal claims on which the Committee is entitled to a trial by jury. *See Merit Insurance Co. v. Colao*, 603 F.2d 654 (7th Cir.1979); *K.M.C. Co., Inc. v. Irving Trust Co.*, 757 F.2d 752 (6th Cir.1985).

■ The final issue before the Court is whether the Bankruptcy Court is authorized to conduct a jury trial. This Court addressed the power of the Bankruptcy Court to preside over a jury trial in a noncore proceeding in *In re Wohlers*, No. 87–70067, Adv. No. 87–7136, (Bankr.C.D.Ill. Sept. 13, 1988). After reviewing the history of jury trials in Bankruptcy Court under the Bankruptcy Act, the Bankruptcy Code of 1978, the Emergency promulgated in the wake of *Northern Pipeline Construction v. Marathon Pipe Line Co.*, 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982), and the 1984 Bankruptcy Amendments, the Court concluded that the Constitution and the Bankruptcy Code permit the Bankruptcy Court to preside over a jury trial. In reaching this conclusion, the Court noted that the Supreme Court promulgated Bankruptcy Rule 9015, which dealt with the procedure

governing jury trials, subsequent to its decision in *Northern Pipeline,* thus indicating that the Supreme Court did not intend to preclude Bankruptcy Courts from conducting jury trials when it decided *Northern Pipeline.* Although Bankruptcy Rule 9015 was subsequently repealed, the Advisory Committee note indicated that a. local rule 9015 could be adopted to govern jury trials. The Court went on to observe that the *"de novo* review" required by 28 U.S.C. Sec. 157(c)(1) did not mandate a *de novo* jury trial as contemplated by some courts. Finally, the Court noted that there was no constitutional or practical prohibition to a jury trial in the Bankruptcy Court where the parties consent to the determination of the noncore matter by the Bankruptcy Judge pursuant to 28 U.S.C. Sec. 157(c), and that the parties could eliminate any "doubt and uncertainty" surrounding a jury trial in Bankruptcy Court by simply signing the Sec. 157(c) consent. After reviewing *Wohlers* and the cases decided after *Wohlers,* the Court stands by its conclusion that the Bankruptcy Court may conduct jury trials in noncore matters.

For the foregoing reasons, the Bank's motion to strike jury demand is allowed as to Counts I, II, V, VII, VIII, and IX, and denied as to Counts III and IV. The Court further finds that the Bankruptcy Court has the authority to conduct jury trials in Counts III and IV.

This Opinion is to serve as Findings of Fact and Conclusions of Law pursuant to Rule 7052 of the Rules of Bankruptcy Procedure.